IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER JAMES FLINT, ) | Case No. 8:20-cv-00027 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MOTION FOR LEAVE** |
| ) | **TO FILE MOTION FOR** |
| UNION PACIFIC RAILROAD ) | **SUMMARY JUDGMENT** |
| COMPANY, A Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW Defendant, Union Pacific Railroad Company and hereby moves the Court for leave to file a motion for summary judgment on the absence of a breach of duty, including lack of foreseeability. In support of this motion, Union Pacific states as follows:

1. In this FELA action, Union Pacific did not anticipate filing a motion for summary judgment at the time of the parties' planning conference. As a result, the "do not anticipate" language in the Rule 26(f) Report was agreed upon.

2. Since that time, discovery has unfolded in a manner that supports summary judgment on the basis that Union Pacific did not breach a duty to Plaintiff, including that the injury was not foreseeable. The facts are very similar to those presented in *Holloway v. Union Pacific R.R. Co.*, 762 Fed. Appx. 350 (8th Cir. 2019), in which the 8th Circuit Court of Appeals upheld summary judgment.

3. The Federal Rules of Civil Procedure are not punitive. As Rule 1 states: [These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Likewise, a Rule 26(f) Order is not a binding agreement, such that checking a particular box forever waives other options. Leave is routinely given to cure deficiencies, extend deadlines, and

amend pleadings. That Union Pacific did not anticipate a summary judgment motion seven months before Plaintiff's October 26, 2020, deposition should not override the interests of justice.

4. Summary judgment remains timely. Rule 56 permits the filing of a motion for summary judgment at any time until 30 days after the close of all discovery, unless otherwise set by court order or local rule. In the instant case, Plaintiff was deposed October 26, 2020, and Union Pacific raised filing a summary judgment motion at the Court's November 2, 2020, status conference. The close of all discovery will not occur until two depositions are completed after a scheduled January 13, 2021, mediation.

5. Avoiding costs and expenses of a trial if there are no triable issues of fact or law is in the interests of justice and supports the just, speedy, and inexpensive determination of the action.

WHEREFORE, Union Pacific respectfully requests an order of this Court granting leave to file a motion for summary judgment. If granted, Union Pacific could file the motion within seven (7) days of the order.

Dated: December 1, 2020.

UNION PACIFIC RAILROAD COMPANY,
Defendant


BY: s/*Anastasia Wagner*
Karen M. Keeler, #25069
Anastasia Wagner, #22983
Union Pacific Railroad
1400 Douglas Street, STOP 1580
Omaha, Nebraska 68179-1580
(402) 544-3060
kmkeeler@up.com
ATTORNEYS FOR DEFENDANT
UNION PACIFIC

CERTIFICATE OF SERVICE

    I hereby certify that on December 1, 2020, I filed the foregoing via CM/ECF which served the document upon:

    Jayson D. Nelson
    Randy LeNeave
    Hunegs, LeNeave & Kvas, P.A.
    6035 Binney Street
    Omaha, NE 68104
    jnelson@hlklaw.com
    rleneave@hlklaw.com

                                              *s/Anastasia Wagner*