IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER JAMES FLINT,<br><br>                       Plaintiff,<br><br>    vs.<br><br>UNION PACIFIC RAILROAD COMPANY, A Delaware Corporation;<br><br>                       Defendant. | 8:20CV27<br><br>**ORDER** |

      This matter is before the Court on Defendant's Motion for Leave to File Motion for Summary Judgment (Filing No. 24). The motion will be granted.

## DISCUSSION

      In this suit, Plaintiff seeks damages for injuries he allegedly sustained while working for Defendant as a signalman. (Filing No. 1.) Following review of the parties' Rule 26(f) report, the Court issued a progression order on March 16, 2020, which stated that "[t]he parties do not anticipate filing motions . . . for summary judgment." (Filing No. 14.) Based on this, the progression order did not set a deadline for dispositive motions, such as motions for summary judgment.

      Defendant's current motion requests that the Court allow it to file a motion for summary judgment although such a motion was not anticipated at the time Rule 26(f) report was submitted and the progression order entered. Federal Rule of Civil Procedure 16 allows for modifying scheduling orders "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Gilliland v. Harley-Davidson Motor Co. Group, LLC,* No. 8:12CV384, 2015 WL 1650256, *3 (D. Neb. April 14, 2015) (quotation omitted). Although prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, "the court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id*.

Defendant maintains good cause exists for amendment because discovery has revealed that it did not breach a duty to Plaintiff and that Plaintiff's injury was not foreseeable. Defendant contends the facts of this case are similar to those in Holloway v. Union Pac. R.R. Co., 762 Fed. Appx. 350 (8th Cir. 2019), in which the Eighth Circuit Court of Appeals affirmed summary judgment on behalf of the defendant. Defendant argues it has been diligent in seeking leave to amend because it raised the issue of summary judgment one week after Plaintiff allegedly admitted facts supporting an absence of breach of duty/foreseeability. Defendant also contends it has so far met the requirements of the progression order.

In opposition, Plaintiff argues there is no good cause for amendment and disagrees that Defendant has been diligent. Plaintiff contends Defendant was aware of the basis of Plaintiff's claim and knew of the *Holloway* decision at the time the Rule 26(f) report was completed and the progression order entered, but nevertheless did not request a dispositive motion deadline. Plaintiff further argues Defendant was not diligent because Defendant has a regular practice of filing summary judgment motions and, therefore, should have contemplated the necessity of filing one in this case. Finally, Plaintiff contends leave to file a summary judgment motion should be denied because such a motion would be frivolous.

Upon consideration, the Court will allow Defendant to file a summary judgment motion. Although Defendant did not *anticipate* the need for a summary judgment motion at the time the Rule 26(f) report was completed and the progression order entered, the case was still in its early stages at that point. This case was filed on January 16, 2020. The Rule 26(f) report was filed on March 11, 2020, and the progression order entered on March 16, 2020. It is reasonable that discovery conducted following that time would change counsel's evaluation of the case and litigation strategy. Defendant's possible awareness of a similar case does not mean the same litigation plan should have been immediately implemented. There is no indication that Defendant has not been diligent in seeking to amend the progression order so as to allow it to file a summary judgment motion. [1] Moreover, despite Plaintiff's invitation to do so, the Court will not evaluate the merits of a motion for summary judgment before such a motion is even filed. Because Defendant has acted diligently and shown good cause for

---

[1] The Court notes that Federal Rule of Civil Procedure 56 provides that motions for summary judgment may be filed at any time until 30 days after the close of discovery, unless otherwise set by court order or local rule. Fed. R. Civ. P. 56. Therefore, absent the progression order—which only indicates that the parties do not anticipate filing a motion for summary judgment—Defendant's requested motion for summary judgment would be timely.

amendment, and because simply allowing Defendant to file a summary judgment motion would not prejudice Plaintiff, Defendant's motion for leave will be granted.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Leave to File Motion for Summary Judgment (Filing No. 24) is granted. Defendant shall file its summary judgment motion by March 22, 2021.

A telephone status conference will be held before the undersigned on **March 8, 2021 at 1:00 p.m.** by telephone. Case conference instructions are found at Filing No. 18.

Dated this 22nd day of February, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge